**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| MARTHA GONZALEZ, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiffs, | § | CAUSE NO. 1:18-cv-00169-LY |
| | § | |
| v. | § | |
| | § | |
| CORECIVIC, INC., | § | **Demand for Jury Trial** |
| | § | |
| Defendant. | § | |
| | § | |
| CORECIVIC, INC., | § | |
| | § | |
| Counter-Claimant, | § | CAUSE NO. 1:18-cv-00169-LY |
| | § | |
| v. | § | |
| | § | |
| MARTHA GONZALEZ, individually and on behalf of all others similarly situated, | § § | **Demand for Jury Trial** |
| | § | |
| Counter-Defendant. | § | |

## CORECIVIC'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT AND CLASS ACTION AND CORECIVIC'S COUNTERCLAIMS

Defendant/Counter-Claimant CoreCivic, Inc. ("CoreCivic"), submits its Answer to Plaintiff's Original Complaint and Class Action ("Complaint") and admits, denies, and alleges as follows:

CoreCivic denies each and every allegation in the Complaint and each and every claim for relief that is not expressly admitted or otherwise pled to.

## STATEMENT OF THE CASE

1.     In answering Plaintiff's Statement of the Case in the Complaint, CoreCivic denies the allegations contained therein.

**2.**

## PARTIES

2.     In answering Paragraph 2.1 of Plaintiff's Complaint, CoreCivic affirmatively alleges that it has no records for a Martha Gonzalez at the listed facilities for the listed dates. CoreCivic affirmatively alleges upon information and belief that Plaintiff's complete name is Marta Doris Gonzalez-Ramos, and admits only that Plaintiff was an Immigration and Customs Enforcement ("ICE") detainee at CoreCivic's Laredo Processing Center ("LPC"), located in Laredo, Texas, and T. Don Hutto Residential Center ("TDHRC"), located in Taylor, Texas, at various times from May 2016 to August 2017. CoreCivic denies that it owns, operates, or otherwise controls La Salle County Regional Detention Center ("La Salle"), located in Encinal, Texas. CoreCivic is without sufficient knowledge or information to form a belief regarding the remaining allegations in Paragraph 2.1, and on that basis denies the same.

3.     In answering Paragraph 2.2 of Plaintiff's Complaint, CoreCivic admits the allegations contained therein.

**3.**

## JURISDICTION AND VENUE

4.     In answering Paragraph 3.1 of Plaintiff's Complaint, CoreCivic admits only that this Court has subject matter jurisdiction over Plaintiff's claims arising under 18 U.S.C. § 1589, et seq. By so admitting, CoreCivic does not admit the sufficiency of the allegations or the validity of the claims, both of which are specifically denied. CoreCivic denies all remaining allegations in Paragraph 3.1, and specifically denies any violation of 18 U.S.C. § 1589, et seq.

5.     In answering Paragraph 3.2 of Plaintiff's Complaint, CoreCivic admits only that this Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(d).

By so admitting, CoreCivic does not admit the sufficiency of the allegations or the validity of the claims, both of which are specifically denied. CoreCivic denies all remaining allegations in Paragraph 3.2, and specifically denies all allegations of wrongdoing.

6.      In answering Paragraph 3.3 of Plaintiff's Complaint, CoreCivic admits only that this Court has specific personal jurisdiction over CoreCivic as to the claims arising out of CoreCivic's Texas facilities. By so admitting, CoreCivic does not admit the sufficiency of the allegations or the validity of the claims, both of which are specifically denied. CoreCivic denies that this Court has general personal jurisdiction over CoreCivic as to the claims arising out of CoreCivic's non-Texas facilities. CoreCivic denies all remaining allegations in Paragraph 3.3.

7.      In answering Paragraph 3.4 of Plaintiff's Complaint, CoreCivic affirmatively alleges that it has no records for a Martha Gonzalez at the listed facilities for the listed dates. CoreCivic affirmatively alleges upon information and belief that Plaintiff's complete name is Marta Doris Gonzalez-Ramos, and admits only that Plaintiff was an ICE detainee at LPC and TDHRC at various times from May 2016 to August 2017. CoreCivic denies that it owns, operates, or otherwise controls La Salle. CoreCivic is without sufficient knowledge or information to form a belief regarding the remaining allegations in Paragraph 3.4, and on that basis denies the same.

**4.**

**FACTS SUPPORTING RELIEF**

**COMMON FACTUAL ALLEGATIONS**

8.      In answering Paragraph 4.1 of Plaintiff's Complaint, CoreCivic admits only that it is a publicly-traded corporation that owns and operates prisons and detention facilities. CoreCivic denies ever forcing ICE detainees to work at any of its facilities in violation of state or

federal law. CoreCivic is without sufficient knowledge or information to form a belief regarding the remaining allegations in Paragraph 4.1, and on that basis denies the same.

**CoreCivic's Core Business:  Forced Labor Camps**

9.     In answering Paragraph 4.2 of Plaintiff's Complaint, CoreCivic admits that it owns and operates detention facilities around the country, including LPC and TDHRC. CoreCivic denies ever forcing ICE detainees to work at any of its facilities in violation of state or federal law. CoreCivic denies that it owns, operates, controls, or otherwise "uses" La Salle. CoreCivic denies all remaining allegations in Paragraph 4.2.

10.     In answering Paragraph 4.3 of Plaintiff's Complaint, CoreCivic admits only that detainees at its detention facilities, including LPC and TDHRC, who participate in the Detainee Voluntary Work Program are paid at least $1 per day. CoreCivic denies all remaining allegations in Paragraph 4.3.

11.     In answering Paragraph 4.4 of Plaintiff's Complaint, CoreCivic admits only that it reported $1.79 billion in total revenue in 2016 for the previous year. CoreCivic denies all remaining allegations in Paragraph 4.4.

**Forced Labor Camp Assignments and Duties**

12.     In answering Paragraph 4.5 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

13.     In answering Paragraph 4.6 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

14.     In answering Paragraph 4.7 of Plaintiff's Complaint, CoreCivic admits only that detainees at its detention facilities, including LPC and TDHRC, who participate in the Detainee

Voluntary Work Program are paid at least $1 per day. CoreCivic denies all remaining allegations in Paragraph 4.7.

**Threats, Intimidation, and Retaliation Keep The Work Force In Line**

15.    In answering Paragraph 4.8 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

16.    In answering Paragraph 4.9 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

17.    In answering Paragraph 4.10 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

**Common Practices Across Institutions: Laredo, Hutto, and La Salle**

18.    In answering Paragraph 4.11 of Plaintiff's Complaint, CoreCivic admits only that it owns and operates LPC and TDHRC. CoreCivic denies that it owns, operates, controls, or otherwise "uses" La Salle. CoreCivic denies all remaining allegations in Paragraph 4.11.

19.    In answering Paragraph 4.12 of Plaintiff's Complaint, CoreCivic is without sufficient knowledge or information to form a belief regarding the remaining allegations contained therein, and on that basis denies the same. CoreCivic affirmatively alleges that all transfer decisions regarding ICE detainees, including whether, when, and where to transfer them, are made by ICE, not CoreCivic.

20.    In answering Paragraph 4.13 of Plaintiff's Complaint, CoreCivic is without sufficient knowledge or information to form a belief regarding the remaining allegations contained therein, and on that basis denies the same.

21.    In answering Paragraph 4.14 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

**CoreCivic's Practices Hurt Detainees and Unjustly Enrich the Corporation**

22.     In answering Paragraph 4.15 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

23.     In answering Paragraph 4.16 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

24.     In answering Paragraph 4.17 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

25.     In answering Paragraph 4.18 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

26.     In answering Paragraph 4.19 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

27.     In answering Paragraph 4.20 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

**The For-Profit Detention Industry Abuses The Immigration System**

28.     In answering Paragraph 4.21 of Plaintiff's Complaint, CoreCivic admits only that it operates correctional and detention facilities nationwide pursuant to its correctional and detention services agreements with various government entities. CoreCivic denies all remaining allegations in Paragraph 4.20.

29.     In answering Paragraph 4.22 of Plaintiff's Complaint, CoreCivic admits only that it operates correctional and detention facilities nationwide pursuant to its correctional and detention services agreements with various government entities. CoreCivic denies all remaining allegations in Paragraph 4.21.

30.     The allegations in Paragraph 4.23 of Plaintiff's Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations contained therein.

31.     The allegations in Paragraph 4.24 of Plaintiff's Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations contained therein.

32.     The allegations in Paragraph 4.25 of Plaintiff's Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations contained therein.

33.     The allegations in Paragraph 4.26 of Plaintiff's Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic is without sufficient knowledge or information to form a belief regarding the allegations, and on that basis denies the same.

34.     The allegations in Paragraph 4.27 of Plaintiff's Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic is without sufficient knowledge or information to form a belief regarding the allegations, and on that basis denies the same.

35.     In answering Paragraph 4.28 of Plaintiff's Complaint, CoreCivic admits only that in 2015, CoreCivic derived 51% of its revenue from federal contracts. CoreCivic is without sufficient knowledge or information to form a belief regarding the remaining allegations, and on that basis denies the same.

36.     The allegations in Paragraph 4.29 of Plaintiff's Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is

required, CoreCivic is without sufficient knowledge or information to form a belief regarding the allegations, and on that basis denies the same.

**<u>Common Relief Sought</u>**

37.     In answering Paragraph 4.30 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein, and denies that Plaintiff is entitled to any of the relief she seeks.

38.     In answering Paragraph 4.31 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein, and denies that Plaintiff and the putative class members are entitled to any of the relief they seek.

**<u>Martha Gonzalez's Path To This Lawsuit and Representative Plaintiff</u>**

39.     The allegations in Paragraph 4.32 of Plaintiff's Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic is without sufficient knowledge or information to form a belief regarding the allegations, and on that basis denies the same.

40.     The allegations in Paragraph 4.33 of Plaintiff's Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic is without sufficient knowledge or information to form a belief regarding the allegations, and on that basis denies the same.

41.     The allegations in Paragraph 4.34 of Plaintiff's Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic is without sufficient knowledge or information to form a belief regarding the allegations, and on that basis denies the same.

42.     The allegations in Paragraph 4.35 of Plaintiff's Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is

required, CoreCivic is without sufficient knowledge or information to form a belief regarding the allegations, and on that basis denies the same.

43.     The allegations in Paragraph 4.36 of Plaintiff's Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic is without sufficient knowledge or information to form a belief regarding the allegations, and on that basis denies the same.

44.     The allegations in Paragraph 4.37 of Plaintiff's Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic is without sufficient knowledge or information to form a belief regarding the allegations, and on that basis denies the same.

45.     The allegations in Paragraph 4.38 of Plaintiff's Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic is without sufficient knowledge or information to form a belief regarding the allegations, and on that basis denies the same.

46.     The allegations in Paragraph 4.39 of Plaintiff's Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic is without sufficient knowledge or information to form a belief regarding the allegations, and on that basis denies the same.

47.     The allegations in Paragraph 4.40 of Plaintiff's Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic is without sufficient knowledge or information to form a belief regarding the allegations, and on that basis denies the same.

**Ms. Gonzalez Goes Through the Deportation Process**

48.     The allegations in Paragraph 4.41 of Plaintiff's Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic is without sufficient knowledge or information to form a belief regarding the allegations, and on that basis denies the same.

49.     The allegations in Paragraph 4.42 of Plaintiff's Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic is without sufficient knowledge or information to form a belief regarding the allegations, and on that basis denies the same.

50.     The allegations in Paragraph 4.43 of Plaintiff's Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic is without sufficient knowledge or information to form a belief regarding the allegations, and on that basis denies the same.

51.     The allegations in Paragraph 4.44 of Plaintiff's Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic is without sufficient knowledge or information to form a belief regarding the allegations, and on that basis denies the same.

52.     In answering Paragraph 4.45 of Plaintiff's Complaint, CoreCivic admits only that it owns and operates LPC pursuant to its detention services agreement with ICE. CoreCivic denies all remaining allegations in Paragraph 4.45.

53.     The allegations in Paragraph 4.46 of Plaintiff's Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is

required, CoreCivic is without sufficient knowledge or information to form a belief regarding the allegations, and on that basis denies the same.

54.     In answering Paragraph 4.47 of Plaintiff's Complaint, CoreCivic admits the allegations contained therein.

55.     In answering Paragraph 4.48 of Plaintiff's Complaint, CoreCivic admits the allegations contained therein.

56.     In answering Paragraph 4.49 of Plaintiff's Complaint, CoreCivic admits the allegations contained therein.

**Ms. Gonzalez is Forced To Work**

57.     In answering Paragraph 4.50 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

58.     In answering Paragraph 4.51 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

59.     In answering Paragraph 4.52 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

60.     In answering Paragraph 4.53 of Plaintiff's Complaint, CoreCivic admits only that detainees at its detention facilities, including LPC and TDHRC, who participate in the Detainee Voluntary Work Program are paid at least $1 per day. CoreCivic denies all remaining allegations in Paragraph 4.53.

61.     In answering Paragraph 4.54 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

**<u>Laredo Detention Center: Threats and Intimidation Create Forced Labor</u>**

62.     In answering Paragraph 4.55 of Plaintiff's Complaint, CoreCivic admits only that Plaintiff was detained at LPC during the dates alleged in Paragraphs 4.47–4.49, above. CoreCivic denies the remaining allegations in Paragraph 4.55.

63.     In answering Paragraph 4.56 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

64.     In answering Paragraph 4.57 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

65.     In answering Paragraph 4.58 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

66.     In answering Paragraph 4.59 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

67.     In answering Paragraph 4.60 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

68.     In answering Paragraph 4.61 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

69.     In answering Paragraph 4.62 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

70.     In answering Paragraph 4.63 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

**Hutto Residential Detention Center Was Also A Forced Labor Camp**

71.     In answering Paragraph 4.64 of Plaintiff's Complaint, CoreCivic admits only that it owns and operates TDHRC, located in Taylor, Texas, and LPC, located in Laredo, Texas. CoreCivic denies the remaining allegations in Paragraph 4.64.

72.     The allegations in Paragraph 4.65 of Plaintiff's Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic is without sufficient knowledge or information to form a belief regarding the allegations, and on that basis denies the same.

73.     In answering Paragraph 4.66 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

74.     In answering Paragraph 4.67 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

75.     In answering Paragraph 4.68 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

76.     In answering Paragraph 4.69 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

**Punishment For Complaints About Worms in the Food**

77.     In answering Paragraph 4.70 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

78.     In answering Paragraph 4.71 of Plaintiff's Complaint, CoreCivic is without sufficient knowledge or information to form a belief regarding the allegations, and on that basis denies the same.

79.     In answering Paragraph 4.72 of Plaintiff's Complaint, CoreCivic is without sufficient knowledge or information to form a belief regarding the allegations, and on that basis denies the same.

80.     The allegations in Paragraph 4.73 of Plaintiff's Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic is without sufficient knowledge or information to form a belief regarding the allegations, and on that basis denies the same.

81.     In answering Paragraph 4.74 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

**Ms. Gonzalez's Legal Status: Human Trafficking Visa**

82.     The allegations in Paragraph 4.75 of Plaintiff's Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic is without sufficient knowledge or information to form a belief regarding the allegations, and on that basis denies the same.

83.     The allegations in Paragraph 4.76 of Plaintiff's Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic is without sufficient knowledge or information to form a belief regarding the allegations, and on that basis denies the same.

**5.**

**CLASS ACTION ALLEGATIONS**

84.     The allegations in Paragraph 5.1 of Plaintiff's Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations. CoreCivic denies that this matter is suitable for class

certification. CoreCivic affirmatively alleges that Plaintiff lacks standing to assert claims on behalf of other individuals, that Plaintiff lacks standing to seek declaratory and/or injunctive relief, and that Plaintiff is not a proper class representative. CoreCivic further affirmatively alleges that this Court lacks personal jurisdiction over CoreCivic as to Plaintiff's claims arising out of CoreCivic's non-Texas facilities.

85.     The allegations in Paragraph 5.2 of Plaintiff's Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations. CoreCivic denies that this matter is suitable for class certification. CoreCivic affirmatively alleges that Plaintiff lacks standing to assert claims on behalf of other individuals, that Plaintiff lacks standing to seek declaratory and/or injunctive relief, and that Plaintiff is not a proper class representative. CoreCivic further affirmatively alleges that this Court lacks personal jurisdiction over CoreCivic as to Plaintiff's claims arising out of CoreCivic's non-Texas facilities.

86.     In answering Paragraph 5.3 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein. CoreCivic denies that this matter is suitable for class certification. CoreCivic affirmatively alleges that Plaintiff lacks standing to assert claims on behalf of other individuals, that Plaintiff lacks standing to seek declaratory and/or injunctive relief, and that Plaintiff is not a proper class representative. CoreCivic further affirmatively alleges that this Court lacks personal jurisdiction over CoreCivic as to Plaintiff's claims arising out of CoreCivic's non-Texas facilities.

**Numerosity**

87.     In answering Paragraph 5.4 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein. CoreCivic denies that this matter is suitable for class certification.

CoreCivic affirmatively alleges that Plaintiff lacks standing to assert claims on behalf of other individuals, that Plaintiff lacks standing to seek declaratory and/or injunctive relief, and that Plaintiff is not a proper class representative. CoreCivic further affirmatively alleges that this Court lacks personal jurisdiction over CoreCivic as to Plaintiff's claims arising out of CoreCivic's non-Texas facilities.

## Commonality

88.    In answering Paragraph 5.5 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein. CoreCivic denies that this matter is suitable for class certification. CoreCivic affirmatively alleges that Plaintiff lacks standing to assert claims on behalf of other individuals, that Plaintiff lacks standing to seek declaratory and/or injunctive relief, and that Plaintiff is not a proper class representative. CoreCivic further affirmatively alleges that this Court lacks personal jurisdiction over CoreCivic as to Plaintiff's claims arising out of CoreCivic's non-Texas facilities.

## Typicality

89.    In answering Paragraph 5.6 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein. CoreCivic denies that this matter is suitable for class certification. CoreCivic affirmatively alleges that Plaintiff lacks standing to assert claims on behalf of other individuals, that Plaintiff lacks standing to seek declaratory and/or injunctive relief, and that Plaintiff is not a proper class representative. CoreCivic further affirmatively alleges that this Court lacks personal jurisdiction over CoreCivic as to Plaintiff's claims arising out of CoreCivic's non-Texas facilities.

**Adequacy**

90.     In answering Paragraph 5.7 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein. CoreCivic denies that this matter is suitable for class certification. CoreCivic affirmatively alleges that Plaintiff lacks standing to assert claims on behalf of other individuals, that Plaintiff lacks standing to seek declaratory and/or injunctive relief, and that Plaintiff is not a proper class representative. CoreCivic further affirmatively alleges that this Court lacks personal jurisdiction over CoreCivic as to Plaintiff's claims arising out of CoreCivic's non-Texas facilities.

91.     In answering Paragraph 5.8 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein. CoreCivic denies that this matter is suitable for class certification. CoreCivic affirmatively alleges that Plaintiff lacks standing to assert claims on behalf of other individuals, that Plaintiff lacks standing to seek declaratory and/or injunctive relief, and that Plaintiff is not a proper class representative. CoreCivic further affirmatively alleges that this Court lacks personal jurisdiction over CoreCivic as to Plaintiff's claims arising out of CoreCivic's non-Texas facilities.

92.     In answering Paragraph 5.9 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein. CoreCivic denies that this matter is suitable for class certification. CoreCivic affirmatively alleges that Plaintiff lacks standing to assert claims on behalf of other individuals, that Plaintiff lacks standing to seek declaratory and/or injunctive relief, and that Plaintiff is not a proper class representative. CoreCivic further affirmatively alleges that this Court lacks personal jurisdiction over CoreCivic as to Plaintiff's claims arising out of CoreCivic's non-Texas facilities.

6.

**FIRST CAUSE OF ACTION**

**Violation of the Trafficking Victims Protection Act**

**18 U.S.C. §§ 1589,** *et seq.*

**(Individually and Class Cause of Action)**

93.     In answering Paragraph 6.1 of Plaintiff's Complaint, CoreCivic incorporates by reference its responses to the paragraphs above.

94.     In answering Paragraph 6.2 of Plaintiff's Complaint, the statute speaks for itself, and CoreCivic denies any violation of the same.

95.     In answering Paragraph 6.3 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

96.     In answering Paragraph 6.4 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

97.     In answering Paragraph 6.5 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

98.     In answering Paragraph 6.6 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

99.     In answering Paragraph 6.7 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

100.    In answering Paragraph 6.8 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

101. In answering Paragraph 6.9 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein, and specifically denies that Plaintiff and the putative class members are entitled to any of the relief they seek.

102. In answering Paragraph 6.10 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein, and specifically denies that Plaintiff and the putative class members are entitled to any of the relief they seek.

103. In answering Paragraph 6.11 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein, and specifically denies that Plaintiff and the putative class members are entitled to any of the relief they seek.

104. In answering Paragraph 6.12 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein, and specifically denies that Plaintiff and the putative class members are entitled to any of the relief they seek.

105. In answering Paragraph 6.13 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein, and specifically denies that Plaintiff and the putative class members are entitled to any of the relief they seek.

106. In answering Paragraph 6.14 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein, and specifically denies that Plaintiff and the putative class members are entitled to any of the relief they seek.

107. In answering Paragraph 6.15 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein, and specifically denies that Plaintiff and the putative class members are entitled to any of the relief they seek.

108.    In answering Paragraph 6.16 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein, and specifically denies that Plaintiff and the putative class members are entitled to any of the relief they seek.

**7.**

**<u>SECOND CAUSE OF ACTION</u>**

**Negligence**

**(Plaintiff and Class Members)**

109.    In answering Paragraph 7.1 of Plaintiff's Complaint, CoreCivic incorporates by reference its responses to the paragraphs above.

110.    The allegations in Paragraph 7.2 of Plaintiff's Complaint call for a legal conclusion, to which no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations.

111.    The allegations in Paragraph 7.3 of Plaintiff's Complaint call for a legal conclusion, to which no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations.

112.    The allegations in Paragraph 7.4 of Plaintiff's Complaint call for a legal conclusion, to which no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations.

113.    The allegations in Paragraph 7.5 of Plaintiff's Complaint call for a legal conclusion, to which no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations.

114.    The allegations in Paragraph 7.6 of Plaintiff's Complaint call for a legal conclusion, to which no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations.

115.    The allegations in Paragraph 7.7 of Plaintiff's Complaint call for a legal conclusion, to which no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations.

116.    In answering Paragraph 7.8 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

117.    In answering Paragraph 7.9 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

118.    In answering Paragraph 7.10 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

119.    In answering Paragraph 7.11 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

120.    In answering Paragraph 7.12 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

121.    In answering Paragraph 7.13 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

122.    In answering Paragraph 7.14 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

123.    In answering Paragraph 7.15 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

124.    In answering Paragraph 7.16 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

125.    In answering Paragraph 7.17 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

126.    In answering Paragraph 7.18 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

127.    In answering Paragraph 7.19 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

128.    In answering Paragraph 7.20 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

129.    In answering Paragraph 7.21 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein, and specifically denies that Plaintiff and the putative class members are entitled to any of the relief they seek.

**8.**

**<u>THIRD CAUSE OF ACTION</u>**

**Unjust Enrichment and/or Quantum Meruit**

**(Plaintiff and Class Members)**

130.    In answering Paragraph 8.1 of Plaintiff's Complaint, CoreCivic incorporates by reference its responses to the paragraphs above.

131.    In answering Paragraph 8.2 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

132.    In answering Paragraph 8.3 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

133.    In answering Paragraph 8.4 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

134.    In answering Paragraph 8.5 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

135.    In answering Paragraph 8.6 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

136.    In answering Paragraph 8.7 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein.

137.    In answering Paragraph 8.8 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein, and specifically denies that Plaintiff and the putative class members are entitled to any of the relief they seek.

138.    In answering Paragraph 8.9 of Plaintiff's Complaint, CoreCivic denies the allegations contained therein, and specifically denies that Plaintiff and the putative class members are entitled to any of the relief they seek.

## JURY DEMAND

139.    In answering the Jury Demand, CoreCivic does not oppose Plaintiff's request for a trial by jury on all triable facts.

## PRAYER FOR RELIEF

140.    In answering the Prayer for Relief, CoreCivic denies that Plaintiff and the Class Members are entitled to any of the relief they seek. CoreCivic denies that this matter is suitable for class certification. CoreCivic affirmatively alleges that Plaintiff lacks standing to assert claims on behalf of other individuals, that Plaintiff lacks standing to seek declaratory and/or injunctive relief, that Plaintiff is not a proper class representative, and that this Court lacks

personal jurisdiction over CoreCivic as to Plaintiff's claims arising out of CoreCivic's non-Texas facilities.

## AFFIRMATIVE DEFENSES

1.      As a separate defense, and in the alternative, CoreCivic alleges that the Complaint fails to state claims upon which relief can be granted.

2.      As a separate defense, and in the alternative, CoreCivic alleges that Plaintiff has failed to join a necessary party or parties under Fed. R. Civ. P. 19.

3.      As a separate defense, and in the alternative, CoreCivic alleges that Plaintiff's and the putative class members' alleged injuries and damages, if any, were caused by the acts of a third party who has not been named a party to this action and over whom CoreCivic had no control.

4.      As a separate defense, and in the alternative, CoreCivic alleges that Plaintiff's action is not certifiable as a class action pursuant to Fed. R. Civ. P. 23 et. seq.

5.      As a separate defense, and in the alternative, CoreCivic alleges that Plaintiff lacks standing to maintain this action as a class action.

6.      As a separate defense, and in the alternative, CoreCivic alleges that Plaintiff lacks standing to seek declaratory and/or injunctive relief.

7.      As a separate defense, and in the alternative, CoreCivic alleges that Plaintiff lacks standing to bring claims under 18 U.S.C. § 1595.

8.      As a separate defense, and in the alternative, CoreCivic alleges that this Court lacks personal jurisdiction over CoreCivic as to Plaintiff's claims arising out of CoreCivic's non-Texas facilities.

9.      As a separate defense, and in the alternative, CoreCivic alleges that Plaintiff and the putative class members failed to exhaust administrative remedies prior to filing suit in accordance with the Prison Litigation Reform Act, thereby precluding all claims asserted under federal law.

10.     As a separate defense, and in the alternative, CoreCivic alleges that Plaintiff and the putative class members failed to exhaust administrative remedies prior to filing suit in accordance with applicable state law or regulations, thereby precluding all claims asserted under state law.

11.     As a separate defense, and in the alternative, CoreCivic alleges that some or all of the named Plaintiff's and putative class members' claims are barred by the statute of limitations.

12.     As a separate defense, and in the alternative, CoreCivic alleges that Plaintiff has unreasonably delayed her request for relief, to CoreCivic's prejudice, such that her claims are barred by the defense of laches.

13.     As a separate defense, and in the alternative, CoreCivic alleges that it was acting under legal process, with good, sufficient, and probable cause to be so acting, and that the actions of CoreCivic were in good faith and without malice.

14.     As a separate defense, and in the alternative, CoreCivic alleges that Plaintiff's requested relief violates the law, and is otherwise impossible to attain in conformance with the law. Neither Plaintiff nor the putative class members have a legal right to work at minimum wage rates because none has sought approval from ICE for employment with CoreCivic, and none are qualified to work for CoreCivic under ICE's contract terms.

15.     As a separate defense, and in the alternative, CoreCivic alleges that its actions were objectively reasonable under the circumstances and that it was acting in good faith and without malice.

16.     As a separate defense, and in the alternative, CoreCivic alleges that, as a federal government contractor, all claims against it are barred by the government contractor defense.

17.     As a separate defense, and in the alternative, CoreCivic alleges that, as a federal government contractor, it is entitled to derivative and qualified immunity.

18.     As a separate defense, and in the alternative, CoreCivic alleges that Plaintiff's and the putative class members' injuries, losses, and damages were the result of the assumption of risk by Plaintiff and the putative class members.

19.     As a separate defense, and in the alternative, CoreCivic alleges that Plaintiff and the putative class members were responsible and/or negligent, which would diminish or eliminate Plaintiff's and the putative class members' right to recover under certain or all claims for relief.

20.     As a separate defense, and in the alternative, CoreCivic alleges that Plaintiff and the putative class members knowingly waived their claims when they freely elected to participate in the Detainee Voluntary Work Program.

21.     As a separate defense, and in the alternative, CoreCivic alleges that there existed no conduct in this case motivated by an evil motive or intent, nor did any conduct involve reckless or callous indifference to the rights of Plaintiff and the putative class members.

22.     As a separate defense, and in the alternative, CoreCivic alleges that Plaintiff and the putative class members are not human trafficking victims, or victims of any criminal activity

specified in Title 18, Chapter 77 of the United States Code, such that the Trafficking Victims Protection Act, 18 U.S.C. § 1595, does not apply.

23.     As a separate defense, and in the alternative, CoreCivic alleges that it did not knowingly obtain the labor or services of Plaintiffs or the putative class members in violation of 18 U.S.C. § 1589.

24.     As a separate defense, and in the alternative, CoreCivic alleges that it did not knowingly benefit from participation in a venture that it knew or should have known was in violation of 18 U.S.C. § 1589.

25.     As a separate defense, and in the alternative, CoreCivic alleges that, as a federal contractor, it is entitled to require a communal contribution by ICE detainees, including Plaintiff and the putative class members, in the form of housekeeping tasks under the civic duty exception to the Thirteenth Amendment's prohibition against involuntary servitude.

26.     As a separate defense, and in the alternative, CoreCivic alleges that Plaintiff and the putative class members were paid all money owed to them under the Detainee Voluntary Work Program pursuant to federal law.

27.     As a separate defense, and in the alternative, CoreCivic alleges that it neither received nor unjustly retained any benefits at the expense of Plaintiff or the putative class members.

28.     As an affirmative defense, and in the alternative, CoreCivic alleges its conduct was not negligent and did not violate the applicable standard of care.

29.     As an affirmative defense, and in the alternative, CoreCivic alleges it did not breach any duty to Plaintiff or the putative class members.

30.     As an affirmative defense, and in the alternative, CoreCivic alleges it acted reasonably under the circumstances.

31.     As a separate defense, and in the alternative, CoreCivic alleges that it would be inequitable for Plaintiff and the putative class members to recover any damages because the actions of Plaintiff and each putative class member caused him or her to be placed in an immigration detention facility; any work any such individual performed was voluntary and/or minor and consistent with work performed by detainees at ICE facilities throughout the United States; and Plaintiff and the putative class members received other material benefits, including but not limited to housing, food, clothing, and recreation, from CoreCivic while detained.

32.     As a separate defense, and in the alternative, CoreCivic alleges that it is entitled to an offset from any award to Plaintiff and/or the putative class members for costs incurred by CoreCivic in providing material benefits, including but not limited to housing, food, clothing, and recreation, to Plaintiff and the putative class members while detained, as well as costs incurred in operating the Detainee Voluntary Work Program.

33.     As a separate defense, and in the alternative, CoreCivic alleges that Plaintiff and/or the putative class members are barred from seeking equitable relief to the extent an adequate remedy exists at law.

34.     As a separate defense, and in the alternative, Plaintiff and the putative class members are not entitled to attorney fees or costs.

35.     CoreCivic reserves the right to amend its Answer to Plaintiff's Complaint to assert additional defenses, withdraw defenses, and/or add counter-claims as may become necessary after reasonable opportunity, or discovery has occurred, up through and including trial in this matter.

36.     Although CoreCivic does not have specific facts in support of its remaining defenses at this time, CoreCivic reserves the right to assert the following affirmative defenses pursuant to Fed. R. Civ. P. 8 should subsequent discovery disclose facts in support of the same, including, but not limited to: accord and satisfaction, estoppel, release, and res judicata.

WHEREFORE, having fully answered Plaintiff's Complaint, CoreCivic prays that the Complaint be dismissed with prejudice, and that CoreCivic be awarded its reasonable attorneys' fees and costs incurred herein and for such other relief as this Court deems just and equitable.

## COUNTERCLAIMS

Defendant/Counter-Claimant CoreCivic ("CoreCivic"), through counsel, and pursuant to Fed. R. Civ. P. 15(a)(1)(B), brings the following counter-claims against Counter-Defendant Martha Gonzalez ("Counter-Defendant").

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction over these counter-claims pursuant to 28 U.S.C. § 1332(a)(2). CoreCivic is a Maryland corporation with its principal place of business in Tennessee. Martha Gonzalez is a citizen of El Salvador, who alleges she is a resident of Texas. The amount in controversy on the counter-claims exceeds $75,000.00.

2.     Alternatively, this Court has supplemental jurisdiction over these counter-claims pursuant to 28 U.S.C. § 1367(a), as these counter-claims form part of the same case or controversy as the claims asserted by Plaintiff/Counter-Defendant under Article III of the United States Constitution.

3.     Venue is proper in this Court, as the events giving rise to these counter-claims occurred in this district.

## PARTIES

4.     CoreCivic is a Maryland corporation with its principal place of business in Tennessee. During part or all of the timeframes relevant to Plaintiffs/Counter-Defendant's claims, CoreCivic owned and operated the Laredo Processing Center ("LPC"), located in Laredo, Texas, and the T. Don Hutto Residential Center ("TDHRC"), located in Taylor, Texas. CoreCivic currently houses federal immigration detainees at LPC and TDHRC, and did so at the times referenced in Plaintiff/Counter-Defendant's Complaint, consistent with the terms and conditions of its detention services agreements with United States Immigration and Customs Enforcement ("ICE"), including administration of the Detainee Voluntary Work Program, as well as all applicable state and federal statutes and regulations and detention facility standards.

5.     Martha Gonzalez, whose complete name is Marta Doris Gonzalez-Ramos, is a citizen of El Salvador, who alleges she is a resident of Texas. Gonzalez was an ICE detainee at LPC and TDHRC at various times from May 2016 to August 2017, during which time she received material benefits, including but not limited to housing, food, clothing, and recreation, at no cost to herself.

## FIRST CAUSE OF ACTION

### Unjust Enrichment

6.     CoreCivic's detention services agreements with ICE require all CoreCivic personnel to meet high standards of professionalism and integrity, and set specific requirements that must be met before a CoreCivic employee is permitted to enter on duty at the facility, including interviews, criminal history and other background checks, and employment eligibility verification. Pursuant to the agreements, ICE is the final approval authority for all CoreCivic personnel who work with federal detainees at CoreCivic facilities under the terms of the

agreement, which prohibits the employment of illegal or undocumented aliens by CoreCivic at facilities that house ICE detainees.

7.      CoreCivic's detention services agreements with ICE also require CoreCivic to implement and maintain a voluntary work program for detainees, and require detainees who wish to participate in the program to sign a form acknowledging that participation in the program is voluntary.

8.      CoreCivic operates, and has operated at all times relevant to these counterclaims, the Detainee Voluntary Work Program at its Texas facilities as required by its detention services agreements with ICE. Participation in the program is purely voluntary. Detainees are not required or forced to participate in the Detainee Voluntary Work Program in any way.

9.      Participation in the Detainee Voluntary Work Program is separate from detainees' responsibility to maintain their immediate living areas in a neat and orderly manner pursuant to ICE's Performance-Based National Detention Standards, which all detainees are required to meet.

10.     The Detainee Voluntary Work Program is critical to the safe and secure operation of the facility. The intent of the program is to reduce detainee idleness, improve morale, and reduce the number of disciplinary incidents, while at the same time promoting institutional maintenance and efficiency, just as similar programs in ICE facilities and other correctional and detention facilities nationwide do.

11.     Pursuant to its detention services agreements with ICE, CoreCivic provides basic necessities to all detainees housed in its Texas facilities, including but not limited to housing, food, clothing, and recreation. Detainees do not pay CoreCivic or ICE for these services, either in whole or in part.

12.     As part of their initial intake paperwork, Gonzalez signed a "Work Waiver for Resident/Detainee," acknowledging that, while she "[could] not be compelled to work other than performing housekeeping tasks in [her] own room and the community living area," she "would like to volunteer for work and assignments in addition to [her] housekeeping tasks."

13.     Gonzalez also signed a "Handbook Issuance Form" as part of her initial intake paperwork, acknowledging that she had received, read, and understood the Handbook, which included a description of the Detainee Work Program, including that participation in the program was voluntary.

14.     Gonzalez participated in the Detainee Voluntary Work Program at various times while at LPC and TDHRC.

15.     The putative class members, like Gonzalez, were detained by ICE, housed in one of CoreCivic's Texas facilities, and participated in the Detainee Voluntary Work Program at various times relevant to these counter-claims.

16.     CoreCivic did not require or force Gonzalez or any other putative class members to participate in the Detainee Voluntary Work Program in any way.

17.     Neither Counter-Defendant nor any of the putative class members participated in the Detainee Voluntary Work Program for more than eight hours per day or 40 hours per week, and in fact often volunteered significantly fewer hours depending on their work assignment, some of which involved only one to two hours per day.

18.     During their detention at CoreCivic's Texas facilities, Gonzalez and the putative class members were provided basic necessities, including but not limited to housing, food, clothing, and recreation. Neither Gonzalez nor any other putative class members paid CoreCivic or ICE for these services.

19.     Gonzalez and the putative class members would unjustly benefit from the receipt of damages under Texas law, including but not limited to unjust enrichment and/or quantum meruit, if they were permitted to keep the benefit of these services without offsetting such damages with the costs and expenses associated with their detention.

20.     In the event Gonzalez and the putative class members prevail on their theory that CoreCivic has been unjustly enriched by their participation in the Detainee Voluntary Work Program, CoreCivic is equitably entitled to recover its costs and expenses associated with detaining Gonzalez and the putative class members, including the administration of the Detainee Voluntary Work Program.

WHEREFORE, CoreCivic prays for the following relief:

A.     In the event Gonzalez and the putative class members are awarded damages under Texas law, including but not limited to unjust enrichment and/or quantum meruit, an order awarding CoreCivic all costs and expenses incurred in providing basic necessities to Gonzalez and the putative class members, including but not limited to housing, food, clothing, and recreation;

B.     An award of attorney fees and costs; and

C.     Other and further relief as the Court deems just and equitable.

CoreCivic demands a jury trial as to all triable issues raised in the Complaint and Counterclaims.

Dated:  March 15, 2019         Respectfully submitted,


/s/ Jacob B. Lee
Daniel P. Struck *(pro hac vice)*
Rachel Love *(pro hac vice)*
Ashlee B. Hesman *(pro hac vice)*
Jacob B. Lee *(pro hac vice)*
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Phone: (480) 420-1600
Fax: (480) 420-1695

Allison Bowers, Bar No. 24006170
HUTCHESON BOWERS LLLP
Four Barton Skyway
1301 South Mopac, Suite 430
Austin, Texas 78746
Phone: (512) 777-4447
Fax: (512) 777-4497

Attorneys for Defendant and Counter-Claimant
CoreCivic, Inc.

3557113.1

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 15th day of March, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Thomas H. Padgett, Jr. | tpadgett@buenkerlaw.com |
| Josef F. Buenker | jbuenker@buenkerlaw.com |
| Allison Bowers: | allison@hutchesonbowers.com |
| Daniel P. Struck | dstruck@strucklove.com |
| Rachel Love | rlove@strucklove.com |
| Ashlee B. Hesman | ahesman@strucklove.com |
| Vijay Anand Pattisapu | vijay@buenkerlaw.com |

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

N/A

/s/ Jacob B. Lee
Jacob B. Lee