# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| MARTHA GONZALEZ, individually and on behalf of all others similarly situated, § § § | |
| Plaintiffs, § | CAUSE NO. 1:18-cv-00169-LY |
| § | |
| v. § | |
| § | |
| CORECIVIC, INC., § § | |
| Defendant. § § | |
| § | |
| CORECIVIC, INC., § § | |
| Counter-Claimant, § § | CAUSE NO. 1:18-cv-00169-LY |
| v. § § | |
| MARTHA GONZALEZ, individually and on behalf of all others similarly situated, § § § | |
| Counter-Defendant. § | |

## CORECIVIC'S MOTION TO STAY ALL PROCEEDINGS

Defendant/Counter-Claimant CoreCivic, Inc. moves this Court to stay all proceedings in this matter until the issue of class certification is resolved in *Owino v. CoreCivic, Inc.*, 17-cv-1112-JLS-NLS (S.D. Cal.). That case—a nearly identical, first-filed class-action lawsuit against CoreCivic—is close to resolving whether to certify an overlapping putative class. If certified, it will subsume the putative class in this case, rendering Plaintiff's controlling class claim duplicative and subject to dismissal. Staying this matter in the meantime will conserve resources, avoid duplicative and expensive class discovery, and promote judicial economy.

Moreover, neither Plaintiff, who can opt-in to any class certified in *Owino*, nor the putative class will be prejudiced by a brief stay of proceedings to await that result.

## I. BACKGROUND

Plaintiff Martha Gonzalez is a former immigration detainee, who was detained at the Laredo Detention Center ("LDC") and T. Don Hutto Residential Center ("Hutto"), both in Texas, pending her deportation proceedings.[1] (Dkt. 1, ¶¶ 2.1, 4.47-4.49.) These detention centers are owned and operated by CoreCivic, pursuant to CoreCivic's detention services agreement with Immigration and Customs Enforcement ("ICE"). (*Id.*, ¶¶ 4.11, 4.45.)

On February 22, 2018, Plaintiff filed the underlying Complaint, alleging that she was forced to work in these facilities for little to no money "under threat of punishment, including but not limited to lockdown and/or solitary confinement," "physical restraint, [or] substantial and sustained restrictions," in violation of the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. § 1589.[2] (Dkt. 1, ¶¶ 4.3, 4.5, 4.54, 4.31, 4.52-4.53, 4.56, 4.66, 6.1-8.9.) She brings her Complaint on behalf of herself and "all other persons similarly situated." (*Id.*, ¶ 1.) Plaintiff defines the putative class to include:

> All civil immigration detainees who performed labor for no pay or at a rate of compensation of $1.00 to $2.00 per day for work performed for CoreCivic *at any detention facility owned or operated by it* from February 20, 2007 to the applicable opt-out date, inclusive.

(*Id.*, ¶ 5.1, emphasis added.) She requests declaratory and injunctive relief, as well as restitution, compensatory, treble, and punitive damages, and disgorgement of profits. (*Id.* at 35-36.)

---

[1] Although the Complaint alleges that Plaintiff's name is Martha Gonzalez, facility records indicate that her name is actually Marta Doris Gonzalez-Ramos. (Dkt. 31, ¶ 2.)

[2] Plaintiff also raises derivative claims for negligence and unjust enrichment. (Dkt. 1, ¶¶ 7.1-8.9.)

Approximately nine (9) months before Plaintiff filed her Complaint, on May 31, 2017, two former immigration detainees, who were detained at CoreCivic's Otay Mesa Detention Center ("OMDC") in California, filed a class-action complaint against CoreCivic in the Southern District of California. (*See Owino v. CoreCivic, Inc.*, 17-cv-1112-JLS-NLS (S.D. Cal.) ("*Owino*"), Dkt. 1, attached as Exhibit 1.) Like LDC and Hutto, CoreCivic owns and operates OMDC pursuant to a contract with ICE to detain immigration detainees. (*Id.*, ¶ 11.) And like Plaintiff, the *Owino* plaintiffs: (1) allege that they were forced to work in OMDC "under threat of punishment, including lockdown and solitary confinement," "physical restraint, [or] substantial and sustained restriction," in violation of the TVPA (*id.*, ¶¶ 13, 16, 40-51); (2) seek to certify a class consisting of "[a]ll civil immigration detainees who performed Forced Labor uncompensated work for CoreCivic *at any Detention Facility owned or operated by it* between November 2, 2004 to the applicable opt-out date, inclusive" (*id.*, ¶ 30, emphasis added);[3] and (3) request declaratory and injunctive relief, as well as restitution, compensatory, treble, and punitive damages, and disgorgement of profits (*id.* at 35-36).

Thus, the two putative class actions are materially indistinguishable. Because the *Owino* plaintiffs filed their lawsuit first, discovery—including class discovery—commenced in that case in July 2018. (*See Owino*, Dkt. 57, attached as Exhibit 2.) Class discovery in *Owino* closed on March 15, 2019. (*Id.*, ¶ 4.) The *Owino* plaintiffs' motion for class certification is due on April 15, 2019. (*Id.*, ¶ 8.)

---

[3] Like this Court (Dkt. 29 at 5-6), the district court in *Owino* limited the plaintiffs' claims to allege violations occurring after December 23, 2008, the effective date of the TVPA's civil remedy provision, 18 U.S.C. § 1595. *See Owino*, Dkt. 38 at 22-25.

## II. THE COURT SHOULD STAY ALL PROCEEDINGS IN THIS CASE PENDING A DETERMINATION ON CLASS CERTIFICATION IN THE *OWINO* LITIGATION.

A district court's authority to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Nelson v. Grooms*, 307 F.2d 76, 78 (5th Cir. 1962) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In deciding whether to stay proceedings, "a court should consider whether (1) a stay or a denial thereof will unduly prejudice a party or present a clear tactical advantage; (2) discovery is complete and a trial date has been set; (3) a stay will simplify the issues in question; and (4) a stay will reduce the burden of litigation on the parties." *Lipham Constr. Co., Inc. v. Lipham*, 2015 WL 11110964, at *2 (N.D. Tex. Apr. 21, 2015) (citing *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)).

District courts grant stays "to avoid duplicative litigation," which "avoid[s] waste, … trenching the authority of sister courts, and … piecemeal resolution of issues that call for a uniform result." *Gill v. Ethicon Inc.*, 2001 WL 36649468, at *2 (W.D. La. Aug. 1, 2001) (citing *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721 (5th Cir. 1985)). This is particularly true "[w]here the overall content of suits pending in different federal courts are such that they will likely overlap to a substantial degree." *Id.* (citing *Superior Sav. Ass'n v. Bank of Dallas*, 705 F. Supp. 330 (N.D. Tex. 1989) (citing *Mann Manufacturing, Inc. v. Hortex, Inc.*, 439 F.2d 407 (5th Cir. 1971))); *see also Nelson*, 307 F.2d at 78 ("Where two actions involving the same parties and the same issues are pending before two federal courts it has been held that the court in which the second proceeding is initiated will normally, in the absence of countervailing factors, stay the proceedings pending the outcome of the prior similar suit between the same parties in the other federal court.").

For these same reasons, courts consistently stay one action until class certification in another action involving similar allegations is resolved. *See*, *e.g.*, *McDaniels v. Stewart*, 2017 WL 132454, at *2 (W.D. Wash. Jan. 13, 2017) ("[S]taying this action pending resolution of class certification in *Haldane* promotes judicial economy."); *Lindley v. Life Inv'rs Ins. Co. of Am.*, 2009 WL 3296498, at *3 (N.D. Okla. Oct. 9, 2009) ("A brief stay of the class allegations to allow the *Runyan* court to hold a fairness hearing will conserve defendant's resources by preventing duplicative and expensive class discovery."). For example, in *Clardy v. Pinnacle Foods Group, LLC*, the district court stayed one class action pending resolution of class certification in an earlier-filed putative class action involving the same defendant, overlapping putative classes, and substantially similar issues:

> Plaintiffs will not be prejudiced by a stay, but Defendant will suffer hardship and inequity if this action is not stayed. Given the similarity of issues presented by both actions, proceeding with the *Clardy* action while the *Biffar* action awaits class certification will not promote efficiency, will not conserve judicial resources, and may produce conflicting opinions. In addition, as the Sixth Circuit recently explained, "[l]itigating a class action requires both the parties and the court to expend substantial resources" and "the most important purpose of the first-to-file rule is to conserve these resources by limiting duplicative cases." These potential efficiency gains are particularly heightened where, as here, the class actions involve overlapping claims and class periods. Consequently, this Court will stay these proceedings.

2017 WL 57310, at *4 (N.D. Cal. Jan. 5, 2017) (quoting *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 791 (6th Cir. 2016)) (internal citations omitted, alternations in original).

The relevant considerations counsel a stay in this matter as well. First, discovery has not yet started, nor has a trial date been set. (Dkt. 34, 36.) CoreCivic filed its Answer just two

weeks ago.[4] (Dkt. 31.)  Second, a stay does not give CoreCivic any tactical advantage in this lawsuit.  If anything, a stay gives Plaintiff an advantage: a sneak peek at class-certification briefing.

Third, a stay will reduce the litigation burden on the parties.  "[I]t is generally recognized that class actions involve the potential 'for hefty litigation expenses and an extensive use of judicial resources in the resolution of these claims[,]" and that "the costs can be particularly 'enormous' for defendants." *Loreaux v. ACB Receivables Mgmt., Inc.*, 2015 WL 5032052, at *4 (D.N.J. Aug. 25, 2015) (quoting *Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, 2013 WL 663301, at *5 (D.N.J. Feb. 21, 2013)).  Plaintiff's putative nationwide TVPA class—all immigration detainees who performed labor for CoreCivic "at any detention facility owned or operated by it" from December 23, 2008, to the applicable opt-out date—encompasses approximately 24 facilities across 11 states.[5]  In the *Owino* litigation, class discovery included: (1) six depositions, taken in five different states and totaling approximately 32 hours; and (2) thirty eight requests for production, resulting in approximately 9,200 documents

---

[4] Counsel for CoreCivic advised Plaintiff's counsel on March 20, 2019, that they would be requesting a stay of all proceedings.

[5] These include: California City Correctional Facility (CA); Central Arizona Detention Center (AZ); Central Arizona Florence Correctional Complex (AZ); Cibola County Correctional Center (NM); Citrus County Detention Center (FL); Elizabeth Detention Center (NJ); Eloy Detention Center (AZ); Florence Correctional Center (AZ); Hernando County Detention Center (FL); Houston Processing Center (TX); La Palma Correctional Center (AZ); Laredo Processing Center (TX); Nevada Southern Detention Center (NV); North Georgia Detention Center (GA); Northeast Ohio Correctional Center (OH); Otay Mesa Detention Center (CA); San Diego Correctional Facility (CA); South Texas Family Residential Center (TX); Stewart Detention Center (GA); T. Don Hutto Residential Center (TX); Tallahatchie County Correctional Facility (MS); Torrance County Detention Facility (NM); Webb County Detention Center (TX); and West Tennessee Detention Facility (TN).

(approximately 400,000 pages).⁶  A stay will relieve the parties—potentially permanently—from engaging in this extraordinary, expensive, and time-consuming discovery.

Fourth, a stay could simplify the issues in this case.  If the district court certifies an identical (or broader) class in *Owino*, the TVPA class claim in this lawsuit effectively abates because the putative class members, including Plaintiff, will be members of the *Owino* class, as they were all allegedly detainees who performed labor at "any Detention Facility owned or operated by it."  *See Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) ("Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap."); *Chowning v. Kohl's Dep't Stores, Inc.*, 2016 WL 7655752, at *2 (C.D. Cal. Mar. 2, 2016) ("Numerous district courts have exercised their discretion and applied the rule against duplicative actions to dismiss later-filed, identical class actions."); *Bergne v. Gonzalez*, 2011 WL 4527446, at *3 (C.D. Cal. Aug. 25, 2011), *report and recommendation adopted*, 2011 WL 4527442 (C.D. Cal. Sept. 29, 2011) ("Because Petitioner is a member of the certified class challenging Marsy's law, he may not bring an identical action here."); *Plack v. Cypress Semiconductor*, 864 F. Supp. 957, 959 (N.D. Cal. 1994) ("A class action identical in scope to an earlier certified class action is unnecessary because the class members' claims are already being litigated in the earlier action.").

In *Carlos Gonzalez, et al. v. CoreCivic, Inc.*, 17-cv-2573-JLS-NLS (S.D. Cal.), the district court stayed proceedings in an identical class action, pending resolution of class certification in *Owino*.  Like Plaintiff and the *Owino* plaintiffs, the immigration detainees in

---

⁶ Documents include facility contracts, facility policies, detainee handbooks, disciplinary and grievance logs, detainee files, and electronically stored information.

*Gonzalez* have alleged TVPA violations and seek to certify a class consisting of "[a]ll civil immigration detainees who performed work for CoreCivic at the Otay Mesa Detention Center in the Work Program within the past ten years." (*See Gonzalez v. CoreCivic, Inc.*, 17-cv-2573-JLS-NLS (S.D. Cal.), Dkt. 1, attached as Exhibit 3, ¶¶ 8, 25, 32, 61, 111a.)  The *Gonzalez* plaintiffs filed their complaint after the *Owino* plaintiffs and before Plaintiff filed her Complaint.  (*Id*.)  The district court ruled that a stay of the *Gonzalez* litigation was the "equitable solution" because "the *Owino* Plaintiffs could potentially certify a broad class that subsumes the *Gonzalez* Plaintiffs' class … then *Gonzalez* would probably be considered duplicative and subject to dismissal."  *See Gonzalez v. CoreCivic, Inc.*, 2018 WL 1621543, at *4 (S.D. Cal. Apr. 4, 2018) (citing *Moreno v. Castlerock Farming & Transport*, 2013 WL 1326496 (E.D. Cal. Mar. 29, 2013)).  The court further ruled that: (1) any prejudice to the *Gonzalez* plaintiffs resulting from a delay in litigation was mitigated because the court only ordered a stay until resolution of class certification; (2) allowing parallel litigation to proceed on the same issues and against the same Defendant would result in significant hardship; and (3) a stay would simplify the issues by eliminating the parallel proceedings.  *Id*. at *5.

Like in *Gonzalez*, a stay of proceedings in this class action until class certification is resolved in *Owino* is the equitable solution.  *See Moreno*, 2013 WL 1326496, *3 (staying later-filed class action involving similar issues pending class certification of earlier-filed class action).

### III. CONCLUSION.

For these reasons, CoreCivic respectfully requests this Court to stay all proceedings until class certification in *Owino* is finally resolved.

Dated:  April 2, 2019                               Respectfully submitted,

/s/ Daniel P. Struck
Daniel P. Struck *(pro hac vice)*
Rachel Love *(pro hac vice)*
Ashlee B. Hesman *(pro hac vice)*
Jacob B. Lee *(pro hac vice)*
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Phone: (480) 420-1600
Fax: (480) 420-1695

Allison Bowers, Bar No. 24006170
HUTCHESON BOWERS LLLP
Four Barton Skyway
1301 South Mopac, Suite 430
Austin, Texas 78746
Phone: (512) 777-4447
Fax: (512) 777-4497

Attorneys for Defendant and Counter-Claimant CoreCivic, Inc.

3564349.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of April, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Thomas H. Padgett, Jr. | tpadgett@buenkerlaw.com |
| Josef F. Buenker | jbuenker@buenkerlaw.com |
| Allison Bowers: | allison@hutchesonbowers.com |
| Daniel P. Struck | dstruck@strucklove.com |
| Rachel Love | rlove@strucklove.com |
| Ashlee B. Hesman | ahesman@strucklove.com |
| Vijay Anand Pattisapu | vijay@buenkerlaw.com |

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

N/A

/s/ Daniel P. Struck
Daniel P. Struck

## Certificate of Conference

On the 11th day of March, 2019, Defendant's counsel conferred with opposing counsel concerning the relief sought in this Motion and was advised that opposing counsel opposed this Motion, without further explanation.

/s/ Daniel P. Struck
Daniel P. Struck