IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2019 JUN 10  PM 5: 03

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
            DEPUTY

| | | |
|---|---|---|
| MARTHA GONZALEZ, INDIVIDUALLY | § | |
| AND ON BEHALF OF ALL OTHERS | § | |
| SIMILARLY SITUATED, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CAUSE NO. 1:18-CV-169-LY |
| | § | |
| CORECIVIC, INC., | § | |
| DEFENDANT. | § | |

## ORDER

Before the court are Defendant CoreCivic, Inc.'s Motion to Certify for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) filed March 11, 2019 (Doc. #30); Plaintiff's Opposition to Motion to Certify Interlocutory Appeal filed April 8, 2019 (Doc. #38); and Reply in Support of Motion to Certify Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) filed April 15, 2019 (Doc. #40). Also before the court are CoreCivic's Motion to Stay all Proceedings filed April 2, 2019 (Doc. #37); Plaintiff's Opposition to Motion to Stay All Proceedings filed April 9, 2019 (Doc. #39); and CoreCivic's Reply in Support of Motion to Stay All Proceedings filed April 15, 2019 (Doc. #41).

On March 1, 2019, this court rendered an order denying Defendant CoreCivic, Inc.'s motion to dismiss, finding that Plaintiff Martha Gonzalez stated a claim for a violation of the Trafficking Victims Protection Act ("TVPA") as it applies to labor performed by immigration detainees in lawful custody sufficient to overcome the CoreCivic, Inc.'s motion to dismiss (Doc. #29). CoreCivic, Inc. now requests the court to certify its March 1, 2019 order for interlocutory appeal pursuant to Section 1292(b) of Title 28 of the United States Code on the following issue: "Whether the TVPA applies

to work programs in federal immigration detention facilities." CoreCivic, Inc.'s also seeks a stay of all proceedings before this court pending resolution of the appeal.

Although Gonzalez opposes the motions to certify interlocutory appeal and to stay all proceedings before this court, the parties acknowledge that a case is now pending before the Eleventh Circuit on interlocutory appeal from the United States District Court for the Middle District of Georgia agaisnt the same Defendant, CoreCivic, Inc., and a similar class-action complaint involving current and former immigration detainees at the Stewart Detention Center in Lumpkin, Georgia. As in this case, the district court in Georgia denied CoreCivic, Inc.'s motion to dismiss, and the district court *sua sponte* certified the issue of whether the TVPA applies to work programs in federal immigration-detention facilities operated by private, for-profit contractors to the Eleventh Circuit. The Eleventh Circuit granted CoreCivic, Inc.'s petition for permission to appeal, and the case remains pending before the Eleventh Circuit. *See Ahmed v. CoreCivic, Inc.*, No. 18-15081-GG.

"A district court may certify an interlocutory appeal from an order if the court is 'of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Nguyen v. Am. Commercial Lines L.L.C.*, 805 F.3d 134, 137–38 (5th Cir. 2015) (quoting 28 U.S.C. § 1292(b) (West 2018)). The court finds the logic of the Georgia district court compelling that a final decision on the controlling question of law regarding the applicability of the TVPA to work programs in federal immigration-detention facilities may materially advance the ultimate termination of the litigation before the district court and therefore any delay at the district court is a small price to pay before continuing with fact discovery and class-certification proceedings. Therefore,

**IT IS ORDERED** that Defendant CoreCivic, Inc.'s Motion to Certify for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) filed March 11, 2019 (Doc. #30) is **GRANTED**.

**IT IS FURTHER ORDERED** that CoreCivic's Motion to Stay all Proceedings filed April 2, 2019 (Doc. #37) is **GRANTED**.  All proceedings in this court are **STAYED** pending resolution of any application for interlocutory appeal in this cause.

SIGNED this _____ day of June, 2019.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE